`Case 4:05-cv-01519-JEJ   Document 26   Filed 01/18/06   Page 1 of 10`

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIXING AND MASS TRANSFER TECHNOLOGIES, LLC., | : Case No.: 4:05cv1519 |
| Plaintiff | : Judge Jones |
| v | : |
| LIGHTNIN, INC, | : |
| Defendant | : |

**MEMORANDUM AND ORDER**

January 18, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss Plaintiff's Fraud Claim pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(b)(6) ("the Motion") (doc. 15) filed by Defendant Lightnin, Inc. ("Defendant" or "Lightnin")[1] on November 14, 2005.  For the reasons that follow, the Motion will denied.

**<u>FACTUAL BACKGROUND/PROCEDURAL HISTORY</u>:**

On June 27, 2005, Mixing and Mass Transfer Technologies, LLC ("Plaintiff" or "$m^2t$") commenced this action by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Centre County, Pennsylvania.

---

[1] We note that Defendant indicates by way of footnote that although the complaint refers to it as "Lightnin, Inc.," it is a division of SPX Corporation, a Delaware corporation.

Lightnin filed a Notice of Removal on July 29, 2005 and, upon the parties' agreement regarding the removal, Plaintiff withdrew its objection to removal and filed its complaint with this Court on October 24, 2005. In its complaint, Plaintiff alleges five causes of action: (1) breach of contract, (2) intentional interference with prospective contractual relations, (3) misappropriation of trade secrets, (4) fraudulent misrepresentation, and (5) conversion.

The parties are competitors in the impeller development and manufacturing industry.[2] Impellers are the rotating component of pumps which are often similar in appearance to propellers. They are generally used to mix fluids or slurry in large agitation tanks, such as treating wastewater. Plaintiff has represented to Defendant in the past that it does not have sufficient resources or facilities to perform certain tests on impeller technology so Plaintiff has sought access to and use of Lightnin's testing resources. This action arises from Plaintiff's allegations that Defendant violated two confidentiality agreements the parties executed when Lightnin allowed Plaintiff use of its impeller-testing facility in the summer of 2002.

Plaintiff alleges that it and Lightnin entered into an agreement to protect Plaintiff's confidential proprietary information before Plaintiff commenced testing

---

[2] As Plaintiff has incorporated the factual history provided by Defendant in its supporting brief, we will refer to such factual history in this narrative.

its surface aerator in Lightnin's aeration tank and that the confidentiality agreement imposes non-use and non-disclosure obligations on Lightnin. (Compl. ¶¶ 25-26). Plaintiff asserts that Lightnin represented to it that Lightnin intended to abide by its contractual obligations to protect Plaintiff's proprietary rights and trade secrets, that the facts Lightnin misrepresented were material, that Plaintiff believes Lightnin submitted a proposal to Detroit that was based on Plaintiff's proprietary technology, that Lightnin knew its representations were false and knew that Plaintiff would justifiably and reasonably rely on such representations, that Lightnin induced Plaintiff to rely on its representations, and that Plaintiff suffered money damages as a direct and proximate result of its reliance on Lightnin's misrepresentations. Id. at ¶¶ 38, 71-73, 74-75. Such allegations are offered by Plaintiff as support for its fraudulent misrepresentation claim.

**STANDARD OF REVIEW:**

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only

whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986).

**DISCUSSION:**

In the Motion, Defendant argues that the Court should dismiss Plaintiff's claim for fraudulent misrepresentation pursuant to Fed.R.Civ.P. 12(b)(6) because Plaintiff failed to plead the claim with the particularity required under applicable rules and precedent. Specifically, Defendant contends that Plaintiff fails to specify what its alleged misrepresentations were, when the alleged misrepresentations were made, who made the alleged misrepresentations, and how Plaintiff relied upon such misrepresentations. Finally, Defendant asserts that Plaintiff's allegations are insufficient if it is attempting to claim that Defendant's alleged failure to comply with contractual obligations was itself a fraudulent representation.

In response, Plaintiff argues that its complaint puts Defendant on fair notice of the factual basis for its fraudulent inducement claim by alleging the specific contracts at issue and the timeframes those contracts were negotiated and entered into. Plaintiff maintains that Defendant is able to prepare a defense to the fraud

allegations set forth by it. Moreover, Plaintiff asserts that in the event the Court determines that further specificity is required as to any element, Plaintiff requests that the Court construe Defendant's Motion as a Rule 12(e) motion for a more definite statement, as opposed to a Rule 12(b)(6) motion to dismiss.

We initially note that Plaintiff has brought a fraudulent misrepresentation claim in Count IV of its complaint. Under Pennsylvania law, a plaintiff must plead the following elements to state a claim for fraudulent misrepresentation:

> (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliable on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

Gilmour v. Bohmueller, 2005 U.S. Dist. LEXIS 1611 at *9 (E.D. Pa. Jan. 27, 2005) (quotations omitted); Manning v. Temple Univ., 2004 U.S. Dist. LEXIS 26129 at *29-30 (E.D. Pa. Dec. 30, 2004).

As accurately submitted by Defendant, Federal Rule 9(b) requires fraud to be pleaded with particularity. Federal Rule 9(b) provides as follows:

> Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

Fed.R.Civ.P. 9(b). "This particularity requirement is intended 'to provide defendants with notice of the precise misconduct with which they are charged, and

to safeguard defendants against spurious charges of immoral and fraudulent behavior.'" United Prods. Corp. v. Admiral Tool & Mfg. Co., 122 F. Supp. 2d 560, 565 (E.D. Pa. 2000) (quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)).  In assessing fraud claims under Federal Rule 9(b), the Third Circuit Court of Appeals has held that plaintiffs need not plead the "date, place or time" of the fraud, so long as they use an "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Jairett v. First Montauk Sec. Corp., 203 F.R.D. 181, 186 (E.D. Pa. 2001) (citing Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 659 (3d Cir. 1998)).  Moreover, the Third Circuit has instructed that in applying Rule 9(b), focusing exclusively on its "particularity" language is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules.  Seville, 742 F.2d at 791.  Accordingly, while allegations of date, place or time fulfill these functions, nothing in the rule requires them.  Id.  It is enough that the claim "pleads with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged." Jairett, 203 F.R.D. at 186 (quoting Seville, 742 F.2d at 791). Finally, a claim satisfies the requirements of Rule 9(b) if it adequately delineates the acts and transactions constituting the fraud to apprise defendants fairly of the

claim, and its allegations are sufficiently clear to enable defendants to answer. Jairett, 203 F.R.D. at 186; see also Republic Envtl. Sys., (PA), Inc. v. Reichhold Chems., 154 F.R.D. 130, 131-32 (E.D. Pa. 1994).

In the complaint, Plaintiff has pled that on or about December 2002, it received a contract from the City of Detroit to resolve an emergency situation the City had with its wastewater treatment facility. (Compl. ¶ 19). In addition, the complaint provides Defendant with information concerning which of its employees negotiated and/or executed the Confidentiality Agreement, the Facilities Lease Agreement, and the Purchase Order at issue.

After having reviewed Plaintiff's eighteen page complaint, we find that it is replete with allegations regarding the course of dealings between the parties and their contractual relationship; however, only broad and conclusory statements are made regarding the circumstances of the alleged fraud. Consider, for instance, that Plaintiff's fraudulent misrepresentation claim indicates that Defendant "failed to exercise reasonable care in conducting business with The City of Detroit, and in performing work under a contract therewith, in that it allowed Plaintiff's proprietary information to be used during the course thereof, for the benefit of Defendant." (Compl. ¶ 70). The only additional information provided regarding Defendant's alleged failure to exercise reasonable care is Defendant's alleged

unfair representation to Plaintiff that it "intended to abide by its contractual obligations to protect Plaintiff's proprietary rights and trade secrets." Id. at ¶ 71. A fair reading of the complaint does not accordingly plead with particularity the "circumstances" of the alleged fraud in order to place Defendant on notice of the precise misconduct with which it is charged. See Jairett, 203 F.R.D. at 186 (quoting Seville, 742 F.2d at 791).

We will therefore consider construe Defendant's Motion as a Rule 12(e) motion for a more definite statement, as opposed to a Rule 12(b)(6) motion to dismiss. Seligson v. Plum Tree, Inc., 361 F. Supp. 748, 756 (E.D. Pa. 1973). We will deny Defendant's Motion to Dismiss Plaintiff's Fraud Claim. We will order Plaintiff to file an Amended Complaint that will include a more definite statement of its fraud claim, pursuant to Rule 12(e), within twenty (20) days of the date of this Order. Plaintiff's Amended Complaint shall provide further factual specificity including, but not limited to details regarding the exact times of the negotiations between the parties, specific alleged misrepresentation(s) made by specific individual(s), how Plaintiff relied upon any alleged misrepresentation(s), and which of Plaintiff's employees were involved in negotiating and executing the

contracts at issue.[3]

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. We will construe Defendant's Motion to Dismiss Plaintiff's Fraud Claim (doc. 15) as a Federal Rule 12(e) Motion for a More Definite Statement.

2. Defendant's Motion to Dismiss Plaintiff's Fraud Claim (doc. 15) is DENIED.

3. Plaintiff shall file an Amended Complaint which will include a more definite statement of Plaintiff's fraud claim, pursuant to Federal Rule 12(e), within twenty (20) days of the date of this Order. Plaintiff's Amended Complaint shall provide further factual specificity including, but not limited to details regarding the exact times of the negotiations between the parties, specific alleged misrepresentation(s) made by specific individual(s), how Plaintiff relied upon any alleged misrepresentation(s), and which of Plaintiff's employees were

---

[3] Although Plaintiff's submission makes reference to "pre-complaint" discovery as provided for under Pennsylvania law regarding potential claims it may have had, no such pre-complaint discovery is available under the Federal Rules of Civil Procedure. Despite the fact that Plaintiff allegedly informed Defendant after filing suit in state court that it "wished to conduct certain discovery in order to more fully set forth the factual basis for its causes of action," the parties agreed to removal of the case sub judice to this Court where no such pre-complaint discovery is available.

involved in negotiating and executing the contracts at issue.

4. Defendant shall answer or otherwise respond to Plaintiff's Amended Complaint in accordance with the Federal Rules of Civil Procedure.

s/ John E. Jones III  
John E. Jones III  
United States District Judge
